IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL ACTION |
| : | |
| vs. : | |
| : | NO. 07-CR-111 |
| SAMUEL OSWALDO : | |
| RIVERA-PADILLA : | |
| : | |
| Defendant : | |

## MEMORANDUM OPINION & ORDER

GOLDEN, J.                                                                                                       JUNE 29, 2007

Before the Court is defendant's motion to suppress post-arrest statements and physical evidence pursuant to the Fourth and Fifth Amendments to the Constitution. The Court will deny the motion.

### FACTS

After conducting a hearing on June 20, 2007, the Court makes the following findings of fact:

1. Special Agent Michael Pausic of Immigration and Customs Enforcement ("ICE"), along with other special agents, arrested defendant at his residence for immigration violations pursuant to a valid arrest warrant on October 5, 2006.

2. Defendant identified himself at the door to his residence.

3. Defendant was dressed in boxer shorts when he answered the door.

4. Agent Pausic did not have a picture of defendant with him when he arrested him.

5. ICE agents placed defendant under arrest, handcuffed him, and placed him in the living room of his home while they performed a protective sweep of his residence.

6. In the course of the protective sweep, ICE agents located two individuals in defendant's home, who were identified as his step-sons.

7. Agent Pausic asked defendant if he had clothing and identification, and defendant directed Agent Pausic to his upstairs bedroom.

8. Agent Pausic went to the upstairs bedroom that defendant described and saw a wallet in plain view laying on the bed.

9. Agent Pausic picked up the wallet and opened it to confirm defendant's identification and origin because, although defendant had identified himself, Agent Pausic did not have a picture of defendant with him.

10. Agent Pausic testified that it was important to obtain identification because it would prove defendant's place of birth before he entered the United States.

11. Agent Pausic testified that many times the wallet of an immigrant contains a passport and/or a birth certificate.

12. Defendant's wallet contained several cards in slots, the top quarter of which were visible.

13. Observing what Agent Pausic recognized as a Pennsylvania gun permit, he took the permit out of the wallet and noted that it was defendant's gun permit.

14. Alerted to the possible presence of a gun, Agent Pausic went to the top of the second floor stairs of defendant's home and asked defendant "where is the firearm."

15. Defendant directed Agent Pausic to a box in his closet, where Agent Pausic found a box, and to a key to the box in his bedroom dresser.

16. Agent Pausic retrieved the key from defendant's dresser and used it to open the

box, where he found a .45 caliber handgun inside.

17.   After securing the handgun, Agent Pausic took defendant to the entrance to his bedroom and defendant pointed out the clothing he desired.

18.   Agent Pausic gathered the clothing defendant requested, and took defendant back to the living room of his home, where he dressed.

19.   ICE agents then took defendant to the Philadelphia ICE office, where they administered Miranda warnings and presented defendant with a waiver form written in Spanish.

20.   Defendant read the form and signed it, indicating that he had knowingly and intelligently waived his Miranda rights.

21.   Defendant then made statements in Spanish that Agent Pausic translated to English and wrote down on an ICE form. Defendant's statements were potentially incriminating to him concerning his citizenship and the manner in which he acquired the .45 caliber handgun seized from his residence.

CONCLUSIONS

The Court makes the following conclusions of law:

1.   ICE agents were lawfully at defendant's house pursuant to their arrest warrant.

2.   Agents Pausic lawfully entered defendant's bedroom in order to secure clothing for defendant. See, e.g., United States v. Leftwich, 461 F.2d 586, 592 (3d Cir. 1972).

3.   Once lawfully in defendant's bedroom, Agent Pausic saw defendant's wallet in plain view, and opened it to confirm defendant's identity, which is a legitimate law enforcement purpose in an illegal immigration matter where defendant's identity and national origin are elements of the offense, and is consistent with Agent Pausic's experience concerning items

3

contained in the wallets of immigrants.  See, e.g., United States v. Standridge, 810 F.2d 1034, 1038 (11th Cir. 1987) (holding wallet observed in plain view properly seized).

      4.      Upon opening the wallet, Agent Pausic saw defendant's gun permit in plain view and lawfully seized it.  See, e.g., Washington v. Chrisman, 455 U.S. 1, 7 (1983) (plain view exception); United States v. Hernandez-Rivas, 348 F.3d 595, 599 (7th Cir. 2003) (permissible to seize contraband in plain view when checking wallet for identification).

      5.      Defendant's post-arrest statement concerning the location of the gun is inadmissible in the prosecution's case-in-chief because he had not received Miranda warnings at the time he made the statement.  Miranda v. Arizona, 384 U.S. 436, 477 (1966).

      6.      Defendant's inadmissible post-arrest statements concerning the location of the gun in his bedroom do not taint the evidence flowing from those statements because the "fruit of the poisonous tree" doctrine does not apply to Fifth Amendment violations.  See Oregon v. Elstad, 470 U.S. 298, 309 (1985).  Defendant's gun is therefore admissible in the government's case-in-chief, subject to the Federal Rules of Evidence.

      7.      Defendant's written statement made at the ICE offices is admissible in the government's case-in-chief subject to the Federal Rules of Evidence because defendant knowingly and intelligently waived his rights prior to giving the statement.  See United States v. Johnson, 816 F.2d 918, 922-23 (3d Cir. 1987).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL ACTION |
| : | |
| vs. : | |
| : | NO. 07-CR-111 |
| SAMUEL OSWALDO : | |
| RIVERA-PADILLA : | |
| : | |
| Defendant : | |

**<u>ORDER</u>**

AND NOW, this 29th day of June, 2007, it is hereby ORDERED that defendant's motion to suppress (Document No. 24) is DENIED.

BY THE COURT:

/s/ Thomas M. Golden
THOMAS M. GOLDEN, J.